UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



UNITED STATES OF AMERICA,

v.  CRIMINAL NO. 2:10-cr-195

ROLAND LEE MORRISON,

    Defendant.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

This matter is before the Court following a bench trial held on September 22, 2011 on the Government's charges against Defendant Roland Lee Morrison, alias Rashad El-Mumin Muhammad, for two (2) counts of Fraudulent Assertion of Diplomatic Immunity in violation of 18 U.S.C. § 915 (Counts One and Two). As stated at the conclusion of trial and for the reasons contained herein, the Court **FINDS** Mr. Morrison **GUILTY** on Counts One and Two for fraudulent assertion of diplomatic immunity in violation of 18 U.S.C. § 915. These Findings of Fact and Conclusions of Law are offered to explain the Court's reasoning in this matter.

## I. PROCEDURAL HISTORY

On December 1, 2010, Mr. Morrison was indicted by a Grand Jury for Fraudulent Assertion of Diplomatic Immunity for his alleged conduct on or about August 29, 2010 in Norfolk, Virginia. Doc. 1. On September 7, 2011, Mr. Morrison waived his right to a trial by jury. Doc. 11.

## II. OPINION OF THE COURT

### a. Findings of Facts

This matter concerns events occurring at 512 Ashlawn Drive in Norfolk, Virginia on the evening of Sunday, August 29, 2010 between the Norfolk Police Department and Mr. Morrison. Officers Daniel Lautenbacher and David Edward Brown were on a routine patrol of the Grenby Park area when they noticed a large group of people in a parking lot outside the residence of 512 Ashlawn Drive enjoying a cookout.[1] The officers stopped at the event because the cookout attendees had open alcoholic beverages and Officer Lautenbacher had responded to the same address for noise complaints the night before.

While walking through the cookout, the officers requested that attendees keep the music down and drink their alcoholic beverages indoors. The officers then noticed Mr. Morrison sitting with an open glass bottle of beer within arm's reach. The officers approached Mr. Morrison and asked him if the beer belonged to him. Mr. Morrison did not respond initially. At trial, Officer Lautenbacher testified that the following colloquy occurred with Mr. Morrison:

> Mr. Morrison: Do you know who I am?
>
> Officer Lautenbacher: No.
>
> Mr. Morrison: What's your delegation of authority?
>
> Officer Lautenbacher: I work for the city of Norfolk as a police officer. May I see your identification?
>
> Mr. Morrison: I have sovereign immunity and your laws don't apply to me.

---

[1] A cookout is as a term frequently used by people of the region to describe a party at which the meal is cooked and eaten outdoors. This event is usually held during the summer, and is similar to a barbeque. See American Heritage Dictionary 4th Ed. (2000).

Mr. Morrison then presented his "International Road Travel" Identification Card ("Moorish ID").[2] Gov't. Ex. 1. The back of the Moorish ID states:

> Private Sovereign Sui Juris Indigenous Moors
> Political State: Classified Truth A-1 Freehold by Inheritance
> Library of Congress Diplomatic Immunity Registration No. AA222141
> FILED WITH: The United States Department of Justice
> Geneva Convention 1949. United Nations Convention Rights to Road Travel V92141 International Law Federally Enforced.

Id.

Officer Lautenbacher testified that he was familiar with Moorish nationals, and when he saw the Moorish ID he knew it was an invalid form of identification and lacked any legal effect. Officer Lautenbacher then requested Mr. Morrison's Social Security number. Mr. Morrison responded that he did not know the number. During the exchange with Mr. Morrison, the officers noticed Mr. Morrison's speech was slurred and his eyes were red. As a result of this observation, the officers arrested Mr. Morrison for being drunk in public.

Based on the testimony, it is unclear whether Mr. Morrison physically resisted arrest. However, it is clear that the officers used pepper spray to detain Mr. Morrison. The officers testified that before being sprayed, Mr. Morrison said "he had sovereign immunity and that our laws didn't apply to him and he wasn't going to be arrested."[3] After using the pepper spray, the officers restrained Mr. Morrison and placed him in the patrol car.

---

[2] Ms. Melissa Dadant, Library of Congress Senior Advisor to the Registrant of Copyrights and Special Projects, testified that the Library of Congress's approval of the Moorish ID as a copyrighted document did not give the words in the Moorish ID any legal effect. Ms. Susan Higgins, United States Department of State official, testified that Mr. Morrison's Identification Cards, Exhibits 1 and 2, were not official documents issued by her department. Ms. Higgins also provided foreign diplomat cards that were issued by the State Department. The Court observed that Mr. Morrison's Identification Cards were dissimilar to the State Department's identification cards for foreign diplomats.

[3] The Defendant presented several eyewitnesses who testified about the exchange between the officers and Mr. Morrison. The testimony of Tamira Annette Nixon ("Ms. Nixon") was given great weight because she was approximately three feet away from the officers and Mr. Morrison.

While driving to the booking station, the officers testified that Mr. Morrison purportedly advised them that "they were dead," "their whole family were dead," "he was a UN diplomat," and that "he was to be returned to his people." At the central booking station, the officers found two more Moorish National identification cards. Gov't Ex. 2 and 3. Mr. Morrison was charged with state offenses unrelated to the federal charges that were prosecuted before this Court.

### b. Standard of Review

In a criminal case, the Government has the burden at trial of proving beyond a reasonable doubt every element of the offense charged. Sullivan v. Louisiana, 508 U.S. 275, 277-78 (1993). In a bench trial, the trial judge serves as the fact finder and must determine whether the evidence establishes guilt beyond a reasonable doubt on all of the elements in each alleged offense. Fed. R. Crim. Pro. 23(c).

### c. Violations of 18 U.S.C. § 915 -- Counts One and Two

Section 915 of Title 18 of the United States Code provides that:

> [w]hoever, with intent to defraud within the United States, falsely assumes or pretends to be a diplomatic, consular or other official of a foreign government duly accredited as such to the United States and acts as such, or in such pretended character, demands or obtains or attempts to obtain any money, paper, document, or other thing of value, shall be fined under this title or imprisoned not more than ten years, or both.

In order to sustain a conviction under this section, the Government must prove each of the following elements beyond a reasonable doubt: (1) Mr. Morrison falsely assumed or pretended to be a diplomatic, consular or other official of a foreign government duly accredited

---

She testified that two officers approached her "uncle" (Mr. Morrison) and asked him whether the beer on the ground belonged to him. She testified that Mr. Morrison responded "No." She also testified that the officers asked for his identification and that Mr. Morrison complied with the request. Ms. Nixon further testified on cross examination that she heard Mr. Morrison say "what is your delegation of authority?" This testimony corroborates the officers' recollection of events, and provided clarity regarding the officers' exchange with Mr. Morrison.

4

as such to the United States; (2) Mr. Morrison used his false character to obtain money, paper, document or other things of value, and (3) Mr. Morrison had the intent to defraud. 18 U.S.C. § 915. "Attempting to secure immunity from possible prosecution is a 'thing of value' within the meaning of this statute." United States v. Shaabu El, 275 F. App'x 205, 207 (4th Cir. 2008) (unpublished) (per curiam) (citation omitted). The "intent to defraud" element "do[es] not require more than the defendants have, by artifice and deceit, sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct." Cortez v. United States, 328 F.2d 51, 53 (5th Cir. 1964) (quoting United States v. Lepowitch, 318 U.S. 702, 704 (1964)).

### 1. Motion for Judgment of Acquittal with respects to all counts pertaining to 18 U.S.C. § 915

At the close of the Government's case, defense counsel moved for Judgment of Acquittal on Count One and Count Two, arguing that the Government's evidence was insufficient to sustain a conviction. Defendant contends that no evidence exists to support a conviction under Count One because the statements he made on the date in question regarding diplomatic immunity were made before or after the lawful arrest, not *during* the lawful arrest as the Government has charged. Testimony at trial established that Mr. Morrison said "What is your delegation of authority" or words to that effect when asked if he owned the beer at his feet. The testimony also showed that Mr. Morrison said "I have sovereign immunity; your laws do not apply to me" when the officers asked for his identification. Moreover, Mr. Morrison made several statements while being transported to the booking station, claiming that he was an United Nations diplomat and that the officers "better bring me back to my people and unarrest me in

front of them, you can't arrest me." Defendant contends this evidence is insufficient to demonstrate that he fraudulently asserted diplomatic immunity while resisting lawful arrest.

Defendant also alleges that the Government failed to offer sufficient evidence to support a conviction for Count Two of the indictment. Count Two charged Mr. Morrison with fraudulent assertion of diplomatic immunity, alleging that he "presented a forged and fraudulent 'Moorish National, Ancient Moabite International Road Travel' card that reads as follows, 'Library of Congress Diplomatic Immunity Registration No. AA222141,' or words to that effect." Indictment at 2. Defendant asserts that the alleged conduct did not occur while he resisted lawful arrest. Defendant also argues that no fraud occurred because Officer Lautenbacher testified that he did not look at the back of the identification to read the language regarding immunity, and knew that the Moorish ID lacked any legal significance. Defendant contends that this evidence supports a finding that he never held himself out to be an official of a foreign government. Defendant also argues that Moorish ID cannot be considered a fake identification card because the Moorish ID is clearly distinct from any official State Department-issued foreign diplomat card. Defendant contends that the State Department's identification card for foreign diplomats in the United States clearly states that the holder of the card is entitled to immunity from criminal prosecution. Defendant further claims that the mere presentation of the Moorish National identification card, done at the request of the police, did not show an intent to defraud. Finally, Defendant contends that the Court should dismiss Count Two because the Government has charged two counts against him for the same conduct.

Under Rule 29 of the Federal Rules of Criminal Procedure, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." United States v. Bonner, 648 F.3d 209, 212-13 (4th Cir. 2011) (quoting

Fed. R. Crim. P. 29(b)). "The court must be satisfied that there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Id. at 213 (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)).

The Court finds that the Government has offered adequate evidence to support a conclusion of Mr. Morrison's guilt beyond a reasonable doubt. The Court declines to distinguish between the moments when Mr. Morrison asserted he had immunity from criminal prosecutions and his actual arrest. The actors' exchanges were quick. The statements at issue were made contemporaneously with Mr. Morrison's arrest. Mr. Morrison challenged the officers' authority. For example, the officers' report indicates that Officer Brown asked Mr. Morrison to stand up and place his hands behind his back, and that Mr. Morrison replied, "I have sovereign immunity and I'm not going to be arrested." This constitutes an assertion of diplomatic immunity during an arrest. The Court rejects Mr. Morrison's contention that his reference to sovereign immunity was not tantamount to a request for diplomatic immunity as defined under the charging statute. Although "diplomatic" and "sovereign" immunity are different terms, Mr. Morrison deployed the terms for the same purpose -- to avoid prosecution (a thing of value). Shaabu El, 275 F. App'x at 207.

The Court finds the officers' ability to distinguish fake diplomatic identification cards is immaterial to the conclusion that Mr. Morrison intended to defraud. An officer's ability to decipher fraudulent identification cards is irrelevant to the conduct for which Mr. Morrison is charged: falsely asserting diplomatic immunity. The crime occurred when Mr. Morrison displayed the identification card, not when the officer viewed it. Whether the Moorish ID resembles an official diplomat card is immaterial to Mr. Morrison's commission of fraud.

### 2. Findings of the Court

The Court finds that Defendant is **GUILTY** of Counts One and Two of the Indictment. The Government has proved every element beyond a reasonable doubt.

Specifically, in Count One, the Government met the "fraudulent assertion" element with evidence from the State Department that there is no record of Mr. Morrison as a United Nations diplomat or any other government diplomat. Accordingly, Mr. Morrison was not a diplomat on the evening of August 29, 2010, and Mr. Morrison's claim that he was a diplomat constitutes a fraudulent assertion. The Government met the "value" element because Mr. Morrison's statements to the officers, including "what is your delegation of authority," "your laws do not apply to me," "I have sovereign immunity," and "I am UN diplomat and you are to bring me back to my people and unrest me in front of them," were uttered with the intent to avoid lawful arrest under the guise of diplomatic immunity. These statements, coupled with the Government's evidence from the State Department that Mr. Morrison was not a recognized diplomat of United Nations or a foreign government, establishes that Mr. Morrison had the "intent to defraud."

Regarding Count Two, the Government established a "fraudulent assertion" with Mr. Morrison's display of Moorish ID. This display intended to assert diplomatic immunity because the ID provides "Notice to All Federal and States public corporate officers, [that] the Sovereign Possessor of this card is entitled to National and Intentional Protection At Law Pursuant to The United Nations Declaration on the Rights of Aboriginal Indigenous People . . . [.]" Gov. Ex. 1. This language, coupled with the fact that Mr. Morrison displayed the identification card to the officers, established that Mr. Morrison held himself out as a foreign diplomat falsely. The Government met the "value" element here as it did in Count One. Finally, the Government

proved "intent to defraud" through Mr. Morrison's statements regarding his false status, coupled with his presentation of the Moorish ID, which purported to establish diplomatic immunity.

## III. CONCLUSION

Based on the aforementioned reasons, this Court hereby finds the Defendant, Mr. Roland Lee Morrison, **GUILTY** as to Counts One and Two of the indictment.

The Clerk of the Court is **DIRECTED** to deliver a copy of this Order to all counsel of record in this case, to the Defendant and to the United States Marshals Service.

NORFOLK, VIRGINIA
NOVEMBER 7, 2011

_____
ARENDA L. WRIGHT ALLEN
UNITED STATES DISTRICT JUDGE